UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7891 |
| | ) | 14 C 3801 |
| vs. | ) | 14 C 3803 |
| | ) | |
| RAY DUERSEN, *et al.*, | ) | Judge Feinerman |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Robert Gallagher has moved for attorney representation under 28 U.S.C. § 1915(e)(1) in each of these three related cases. The motions are denied.

Earlier this year, the Seventh Circuit observed:

> There is no right to court-appointed counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). District courts may nonetheless ask lawyers to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1). Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.

*Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Ibid*. (quoting *Pruitt*, 503 F.3d at 654) (alteration in original).

Gallagher's motions indicate that he has made a reasonable effort to obtain counsel, so the court turns to the second question, which requires it to "consider[] both the complexity of the case and [Plaintiff's] capabilities." *Olson*, 750 F.3d at 711. As for the complexity of the case,

1

the facts underlying and law governing Plaintiff's claims—which principally allege unlawful arrest and excessive force under the Fourth Amendment, malicious prosecution and intentional infliction of emotional distress under state law, and ineffective assistance of counsel under the Sixth Amendment—are "straightforward" and "not especially complex," and "the relevant substantive and procedural rules [can] be explained to [Plaintiff] in pretrial conferences and orders." *Ibid*. In fact, at this morning's hearing, Gallagher argued that this is a "pretty cut and dry case" and "a simple case."

As for Gallagher's capacity to adequately litigate a matter of this nature, it is not necessary for the court to find that he is "as proficient as a seasoned civil-rights attorney; [rather,] the test is 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id*. at 712 (quoting *Pruitt*, 503 F.3d at 655). In applying this test, the court must "evaluate[] [Gallagher's] abilities by looking at his pleadings and competence in early phases of the litigation," and determine whether his "submissions are well written and [whether] he appears capable of following instructions and making intelligible arguments." *Ibid*. (internal quotation marks omitted); *see also Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010). Gallagher's written submissions, while not without their flaws, competently set forth his legal and factual positions. Gallagher's oral presentations at the numerous hearings in these cases have shown him to be articulate, quick-witted, intelligent, and able to respond coherently and logically to legal arguments. While these characterizations would remain true even if he were in custody, it bears mention that Gallagher is not incarcerated. And the court adds for good measure that at this morning's hearing, Gallagher related that "in [his] criminal case, [his]

research on the case allowed [him] to win one charge, and that was the bulk of the case"—which further supports the court's assessment of his capabilities to litigate these civil cases *pro se*.

In sum, having considered the pertinent facts and applied the governing law, the court concludes that Gallagher is more than capable of litigating these cases on his own. *See Macon v. Mahone*, __ F. App'x __, 2014 WL 5369299, at *3 (7th Cir. Oct. 23, 2014); *Barrett v. Wallace*, 570 F. App'x 598, 600 (7th Cir. 2014); *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014); *Rivera v. Lindmeier*, 560 F. App'x 619, 621 (7th Cir. 2014); *Olson*, 750 F.3d at 711-12. His motions for attorney representation accordingly are denied.

October 27, 2014

_____
United States District Judge