UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7891 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| REYHAN DURSUN, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |
| | ) | |
| ROBERT GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3801 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| OFFICE OF THE COOK COUNTY PUBLIC | ) | |
| DEFENDER, PATRICK QUINN, PETER FELICE, | ) | |
| THOMAS DART, and REYHAN DURSUN, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |
| | ) | |
| ROBERT GALLAGHER, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3803 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| NANCY DURSUN and PEKIN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

These three suits arise from Robert Gallagher's October 2013 arrest at a gas station in

Lyons, Illinois, and subsequent criminal prosecution in state court. The complaints purport to

state claims under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of Gallagher's Fourth, Fifth,

Sixth, Eighth, Ninth, and Fourteenth Amendment rights.  Doc. 1 (13 C 7891); Doc. 12 (14 C 3801); Doc. 43 (14 C 3803).

The sole defendant in the first case, Reyhan Dursun, answered the complaint.  Doc. 19 (13 C 7891).  All but two of the defendants in the second and third cases—Reyhan Dursun (who manages the gas station), Nancy Dursun (who owns at the gas station), the Office of the Cook County Public Defender, Cook County Sheriff Thomas Dart, and Pekin Insurance Company filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Doc. 44 (14 C 3801); Doc. 45 (14 C 3801); Doc. 20 (14 C 3803), Doc. 25 (14 C 3803).  The court gave Gallagher a generous amount of time to respond to the motions, and then on top of that granted him an extension.  Docs. 49, 51 (14 C 3801); Docs. 40, 53 (14 C 3803).  Despite this, Gallagher failed to respond by the January 2, 2015 deadline.  For the following reasons, the motions to dismiss are granted.  Gallagher's claims against the other two defendants in 14 C 3801, former Illinois Governor Pat Quinn and Cook County Judge Peter Felice, are dismissed under Rule 4(m).

## Discussion

### I.      Motions to Dismiss

"If [a court] is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."  *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).  It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal provides adequate grounds for granting the motion.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions.");  *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint

that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

### A.    Case 14 C 3801

In seeking dismissal of the claims against him in 14 C 3801, Reyhan Dursun argues that those claims are duplicative of Gallagher's pending claims in 13 C 7891. Doc. 44 (14 C 3801) at 7-9. He is correct. *Compare* Doc. 1 (13 C 7891) at 3-8 *with* Doc. 12 (14 C 3801) at 25-31. "As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks omitted); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."). Gallagher cannot recover twice on the same claims, and his claims against Reyhan Dursun in 13 C 7891 are better developed than the claims in 14 C 3801. Accordingly, the claims in 14 C 3801 are dismissed. *See Cent. States, Se. and Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) ("Outright dismissal [rather than a stay] is most likely to be appropriate when, as in *Serlin*, … the same party has filed all of the suits."). The dismissal is without prejudice to Gallagher pursuing his claims against Reyhan Dursun in 13 C 7891. *See Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011) (while "dismissal is appropriate where, as here, the same party has filed both suits, and the claims and available relief do not significantly differ between the two actions," the dismissal

should be "without prejudice").  This disposition renders it unnecessary to reach Reyhan Dursun's other arguments for dismissal.

The Office of the Cook County Public Defender plausibly argues that it does not have an independent legal existence under Illinois law and therefore is not amendable to suit.  Doc. 45 (14 C 3801) at 4; *see Clay v. Friedman*, 541 F. Supp. 500, 503 (N.D. Ill. 1982) ("'Office of Public Defender' is not an entity suable under [Federal Rule of Civil Procedure] 17(b)."); *Burnette v. Stroger*, 905 N.E.2d 939, 947-48 (Ill. App. 2009) ("[W]e find that the office of the public defender does not have a separate capacity to sue, apart from the public defender in his official capacity.").  To the extent that Gallagher asserts that the Office is liable under § 1983 for actions taken by the assistant public defender appointed to represent Gallagher in the state criminal case, the Office plausibly argues that those claims should be dismissed because a public defender does not act under color of state law when performing the traditional functions of counsel.  Doc. 45 (14 C 3801) at 5-6; *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  In any event, the Office cannot be liable for the allegedly deficient representation by an individual public defender under a theory of *respondeat superior*, and Gallagher's complaint does not adequately plead a *Monell* claim.  Doc. 45 (14 C 3801) at 6; *see Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978).  The Office also plausibly contends that to the extent Gallagher is attempting to make a state law claim for negligent representation or legal malpractice, that claim is defeated by the Illinois Public and Appellate Defender Immunity Act because he does not adequately allege willful or wanton conduct by the assistant public defender.  Doc. 45 (14 C 3801) at 6-7; *see Burnette*, 905 N.E.2d at 946 ("Immunity is provided by the Public and Appellate Defender Immunity Act for professional malpractice, other than willful and wanton misconduct."); 745 ILCS 19/5 (providing public defenders with immunity against "any

damages in tort, contract, or otherwise, in which the plaintiff seeks damages by reason of legal or professional malpractice, except for willful and wanton misconduct"); *see also* 745 ILCS 10/1-210 (defining "willful and wanton" conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property").

Sheriff Dart also makes plausible arguments for dismissal. Gallagher purports to state claims against Dart in his official and his individual capacities for violations of Gallagher's Eighth and Ninth Amendment rights and for intentional infliction of emotional distress. Doc. 12 (14 C 3801) at 2, 20. Dart plausibly argues that Gallagher has not sufficiently alleged a *Monell* claim to impose official capacity liability. Doc. 45 (14 C 3801) at 7-8; *see Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against the entity of which the officer is an agent."); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) ("A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled, or (3) an official with final policy-making authority."); *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981) ("[T]he mere allegation of a single act of unconstitutional conduct by a municipal employee will not support the inference that such conduct was pursuant to official policies. On the other hand, where the plaintiff alleges a pattern or a series of incidents of unconstitutional conduct, then the courts have found an allegation of policy sufficient to withstand a dismissal motion."). For purposes of individual liability, Gallagher does not allege personal involvement sufficient to subject Dart to such liability. Dart also plausibly argues that he has immunity from Gallagher's

emotional distress claim under the Illinois Tort Immunity Act because Gallagher has neither identified any individual Sheriff employees as defendants nor pleaded facts indicating that Dart is liable under a *respondeat superior* theory. Doc. 45 (14 C 3801) at 8-9; *see* 745 ILCS 10/2-204 ("[A] public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person."); 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."); *Thiele v. Kennedy*, 309 N.E.2d 394, 395 (Ill. App. 1974) ("If the employee is immune, so is his employer.").

### B.    Case 14 C 3803

In support of dismissal in 14 C 3803, Pekin Insurance plausibly argues that Gallagher's claims against it constitute an impermissible direct action against an insurer. Doc. 21 (14 C 3803) at 2-3; *see Reishus v. Maryland Cas. Co.*, 411 F.2d 776, 778 (7th Cir. 1969) (recognizing that Illinois law does not permit direct actions against insurers); *Zegar v. Sears Roebuck & Co.*, 570 N.E.2d 1176, 1180 (Ill. App. 1991) (holding that a "no direct action" clause in insurance agreement was "consistent with the public policy" of Illinois). In the alternative, Pekin plausibly contends that Gallagher's claims should be dismissed because: (1) he has failed to state facts sufficient to establish that Pekin, a private company, was acting under color of state law for purposes of § 1983 when it allegedly conspired to deprive him of his constitutional rights; and (2) his conclusory allegation of conspiracy does not state a viable claim for relief. Doc. 21 (14 C 3803) at 4-7; *see Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 930 (2001) (describing the circumstances in which a private actor's conduct can be attributable to the State, including where the challenged conduct is the result of the State's coercive power, where the state provides "significant encouragement, either overt or covert," "when a private actor

operates as a willful participant in joint activity with the State or its agents," when a private entity is controlled by a state agency, when the State delegates a public function, and where the State is "entwined" in a private entity's management or control) (internal quotation marks omitted); *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) ("To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights."); *Tunca v. Lutheran Gen. Hosp.*, 844 F.2d 411, 413 (7th Cir. 1988) (to subject a private actor to § 1983 liability, "the misconduct must have been directed by the State," and "state regulation does not necessarily command a finding of 'state action' status").

Nancy Dursun plausibly argues that because *respondeat superior* liability is unavailable for employees' § 1983 liability, she cannot be vicariously liable for the actions of her alleged employee Reyhan Dursun. Doc. 25 (14 C 3803) at 4; *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983. Although this principle typically surfaces in the context of municipal corporations, we have applied the same principle to situations where the employer is an individual."); *cf. Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789-96 (7th Cir. 2014) ("For now, this circuit's case law still extends *Monell* from municipalities to private corporations."). Nancy Dursun also plausibly asserts that Gallagher has failed to state a claim for negligence because he has not pled facts indicating that Reyhan Dursun acted within the scope of his employment, which is necessary to hold Nancy liable for Reyhan's state law torts. Doc. 25 (14 C 3803) at 5-6; *see Garland v. Sybaris Club Int'l, Inc.*, 21 N.E.3d 24, 53-54 (Ill. App. 2014) ("Under the theory of *respondeat superior*, an employer can be liable for the torts of his employee when those torts are committed within the scope of employment," and "[c]onduct of a

servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master.") (internal quotation marks omitted). Finally, Nancy Dursun plausibly argues that all of Gallagher's claims against her should be dismissed because the complaint's allegations against her fail to satisfy Rule 8(a)(2). Doc. 25 (14 C 3803) at 6-7; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

\* \* \*

By failing to respond to any of the foregoing arguments, Gallagher has effectively abandoned his claims against the above-referenced defendants in 14 C 3801 and 14 C 3803 and forfeited any substantive argument he might have had against Rule 12(b)(6) dismissals. *See Alioto*, 651 F.3d at 721 ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (internal citations omitted); *Lekas*, 405 F.3d at 614; *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citation omitted). Gallagher is representing himself *pro se* in those two cases, but "[e]ven pro se litigants … must expect to file a legal argument and some supporting authority." *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (alterations in original); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se

litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").  Because Gallagher failed to respond to the above-referenced defendants' plausible arguments in support of dismissal, their Rule 12(b)(6) motions are granted and the claims against them are, with one exception, dismissed with prejudice.  *See Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007).  The exception is that the dismissal of Gallagher's claims against Reyhan Dursun in 14 C 3801 is without prejudice to Gallagher pursuing those same claims in 13 C 7891.

## II.      Claims Against Quinn and Felice

Two defendants in 14 C 3801, former Governor Quinn and Judge Felice, have not been served with summons and have not appeared.  At a status hearing on November 20, 2014— nearly six months after the case was filed—the court informed Gallagher that the docket did not reflect that summons had been served on Quinn and Felice and gave him a generous amount of time, until January 30, 2015, to serve them and to file the returns on the docket.  The order issued that day reminded Gallagher of that deadline, stating: "Pursuant to Fed. R. Civ. P. 4(m), Plaintiff is given until 1/30/2015 to serve any defendants that have not been served."  Doc. 49.  It is now March 6, 2015, and no returns have been filed.

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it.  Fed. R. Civ. P. 4(b), (c)(1).  Unless the plaintiff can demonstrate good cause for being unable to do so, she must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit.  Fed. R. Civ. P. 4(m)." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011).  Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Such

notice having been given, and Gallagher not having provided any justification for failing to effect service, the claims against Felice and Quinn are dismissed without prejudice. *See ibid.* (allowing for a dismissal "without prejudice"). The fact that Gallagher is proceeding *pro se* does not excuse his failure to comply with Rule 4(m). *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001).

## Conclusion

The motions to dismiss are granted. In 14 C 3801 and 14 C 3803, Gallagher's claims against the Cook County Public Defender's Office, Cook County Sheriff Thomas Dart, Pekin Insurance Company, and Nancy Dursun are dismissed with prejudice, while the claims against Reyhan Dursun are dismissed without prejudice to Gallagher pursuing those claims in 13 C 7891. Gallagher's claims against Governor Pat Quinn and Cook County Judge Peter Felice are dismissed without prejudice under Rule 4(m); it should be noted that if Gallagher had served Quinn and Felice, the claims against them would have been dismissed with prejudice under Rule 12(b)(6).

March 6, 2015

_____
United States District Judge